IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN -2 PM 4: 23

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

RICKY L. DILLARD,

     Plaintiff,

vs.

CHAPLIN HORTON,

     Defendant.

No. 04-2905-B/P

---

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

Plaintiff Ricky L. Dillard, booking number 04130871, an inmate at the Shelby County Criminal Justice Center (Jail),[1] filed a <u>pro se</u> complaint under 42 U.S.C. § 1983.  The Clerk of Court shall file the case and record the defendant as Chaplin Horton.  Plaintiff also filed a motion for leave to proceed <u>in forma pauperis</u>.

I.   <u>ASSESSMENT OF FILING FEE</u>

Under the Prison Litigation Reform Act of 1995 (the "PLRA"), 28 U.S.C. § 1915(b), any prisoner bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).  The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

---

[1]    The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-9-05



In this case, plaintiff has not properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement showing:

1)  the average monthly deposits, and
2)  the average monthly balance

for the six months prior to submission of the complaint, and

3)  the account balance when the complaint was submitted.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that within thirty (30) days of the entry of this order the plaintiff properly complete and file both an in forma pauperis affidavit and a trust fund account statement showing the above amounts. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. If the plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The obligation to pay this filing fee shall continue

despite the immediate dismissal of this case.   28 U.S.C. §
1915(e)(2).   The Clerk shall not issue process or serve any papers
in this case.

II.   <u>ANALYSIS OF PLAINTIFF'S CLAIMS</u>

Dillard alleges that on October 12, 2004, Jail Chaplin was
unprofessional and disrespectful when she discussed the death of
his brother and other personal affairs in front of other Jail
inmates.   He alleges that he felt violated and suffered mental
anguish.   Dillard attached a copy of the grievance he filed on
October 12, 2004, which was deemed "nongrievable" for lack of
"specific information about what the Chaplain said."   Dillard does
not allege that he filed any appeal or a subsequent grievance.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires
a federal court to dismiss a complaint without prejudice whenever
a prisoner brings a prison conditions claim without demonstrating
that he has exhausted his administrative remedies.   <u>Brown v.
Toombs</u>, 139 F.3d 1102 (6th Cir. 1998).   This places an affirmative
burden on prisoners to plead particular facts demonstrating the
complete exhaustion of claims.   <u>Knuckles El v. Toombs</u>,  215 F.3d
640, 642 (6th Cir. June 15, 2000).   The Court also applies §
1997e(a) to claims seeking monetary damages.   <u>Wyatt v. Leonard</u>, 193
F.3d 876, 878 (6th Cir. 1999).

To the extent plaintiff's allegations are insufficient to
satisfy the exhaustion requirement of § 1997e(a), 28 U.S.C. §
1997e(c)(2) provides that a court may, despite a lack of

exhaustion, dismiss a claim which fails to state a claim upon which relief may be granted:

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(2). This Court, therefore, analyzes prisoner complaints for failure to state a claim and frivolity regardless of exhaustion of grievance procedures.

Verbal harassment or the use of abusive language cannot support liability under § 1983. Mere verbal harassment does not inflict pain so as to amount to the "obduracy and wantonness" required for a violation of the Cruel and Unusual Punishments Clause. See Wilson v. Seiter, 501 U.S. 294, 299 (1991); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987)(holding that verbal abuse or harassment does not constitute punishment under the Eighth Amendment); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985)(holding verbal threats to reclassify a prisoner non-cognizable under § 1983).

Just as the Constitution "does not mandate comfortable prisons," Wilson v. Seiter, 501 U.S. at 298, it does not mandate polite prison guards or officials or fellow inmates. Derogatory or abusive language and conduct do not give rise to a claim under § 1983. Paul v. Davis, 424 U.S. 693 (1976); Banks v. Klapish, 717 F. Supp. 520 (W.D. Mich. 1989); Gilson v. Cox, 711 F. Supp. 354 (E.D. Mich 1989); Rahman v. Stephenson, 626 F. Supp. 886, 888 (W.D. Tenn. 1986); Coyle v. Hughs, 436 F. Supp. 591, 593 (W.D. Okla.

1977)(threatening words and gestures by custodial officer do not amount to a constitutional violation). Horton's alleged comments did not inflict cruel and unusual punishment on the plaintiff.

Furthermore, Dillard may not maintain this action under § 1983 because he fails to allege any physical injury from Horton's conduct. Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted and is, therefore, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

III.   APPEAL ISSUES

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint which fails to state a claim upon which relief may be granted has sufficient merit to support an appeal in forma pauperis. Accordingly, the same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case. The United States Court of Appeals for the Sixth Circuit has held that a certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). See McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997). McGore sets out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee,[2] he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases for failure to state a claim.

IT IS SO ORDERED this 2nd day of June, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2]     The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

   Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:04-CV-02905 was distributed by fax, mail, or direct printing on June 6, 2005 to the parties listed.

Ricky L. Dillard
04130871
201 Poplar Ave 3,B,7
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT